UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                    Case No. 3:24-cr-78

        Plaintiff,

    v.                                         MEMORANDUM OPINION
                                                      AND ORDER

Antonio Tapia, et al.,

        Defendants.

## I. INTRODUCTION

Defendant Antonio Tapia has filed a motion in limine. (Doc. No. 51). The government filed a response in opposition. (Doc. No. 52). After briefing on Tapia's motion in limine was completed, Tapia filed a second motion, styled as a "Motion for Hearing." (Doc. No. 54). The government opposed this motion as well. (Doc. No. 55). For the reasons that follow, I deny both of Tapia's motions.

## II. BACKGROUND

On March 6, 2024, Defendant Antonio Tapia and several others were indicted in an 11-count drug conspiracy and distribution case. (Doc. No. 1 (Sealed Indictment); *see* Doc. No. 12 (Redacted Indictment)). The government alleges Tapia was involved in a conspiracy to distribute large quantities of substances containing fentanyl and cocaine in the northern Ohio area. (*See* Doc. No. 12 at 1-2). He faces one count of conspiracy to distribute, and possess with intent to distribute, controlled substances in violation of 21 U.S.C. § 846 (Count 1); one count of distribution of fentanyl

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 5); and one count of use of a communications facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b)) (Count 9).

One of the other alleged participants in the conspiracy is defendant David Montero-Rocha. (Doc. No. 12 at 2). On June 17, 2024, Montero-Rocha, whose pretrial conditions included location monitoring and a curfew restriction, filed a motion seeking the removal of those conditions. (*See* Doc. No. 38). Montero-Rocha's assigned Pretrial Services officer supported the motion—and, in fact, requested it be filed—because of Montero-Rocha's "outstanding compliance" with the conditions of his pretrial release. (Doc. No. 38-1). I granted that motion on June 18, 2024. (Doc. No. 39). Two months later, on August 26, 2024, Pretrial Services discovered that Montero-Rocha had absconded. (*See* Doc. No. 45). His whereabouts are currently unknown, though Tapia avers in his motion that "according to rumors, [Montero-Rocha] fled to Mexico where he remains." (Doc. No. 51 at 3). Montero-Rocha's presumed absence from trial forms the basis for Tapia's liminal motion.

### III. ANALYSIS

**A.   TAPIA'S MOTION IN LIMINE**

Tapia challenges certain evidence he anticipates the government will try to introduce to prove his drug conspiracy charge. (*See* Doc. No. 51 at 3). He argues that "the evidence in this case to be offered by the Government will not have two or more conspirators involving the Defendant in any way" because the government would "attempt to establish [the drug conspiracy] through use of the testimony of [Montero-Rocha]." (*Id.*). Thus, in Tapia's version of this equation, Montero-Rocha's absence from trial equals no drug conspiracy involving Tapia because the government

2

would have "no other witness" to prove Tapia's involvement. (*Id.*). Given this premise, Tapia asks me to rule, "now," that Tapia is "excluded" from the alleged drug conspiracy. (*Id.* at 4).

The government counters with several points. First, it argues that Tapia is mistaken on the law of conspiracy: while proving a conspiracy does require an agreement between two or more people, "there is no 'two testifier' requirement, or for that matter, even a requirement that a single co-conspirator testify." (Doc. No. 52 at 3). The government points out that because a coconspirator's statement is not hearsay under Federal Rule of Evidence 801(d)(2)(E), "the most common coconspirator statement introduced in federal court is a recorded statement introduced through a case agent." (Doc. No. 52 at 3); *see* Fed. R. Evid. 801(d)(2)(E) (excluding from the definition of hearsay a statement "made by the party's coconspirator during and in furtherance of the conspiracy").

Second, and relatedly, the government contends Tapia's motion is premature. (Doc. No. 52 at 3). It argues that the admissibility of purported coconspirator statements "is normally conducted during the Government's case" via a process whereby the presiding judge may conditionally admit such evidence and then put off a ruling on its ultimate admissibility until the close of all the evidence. (*Id.* (quoting *United States v. Correa-Osorio*, 784 F.3d 11, 23–24 (1st Cir. 2015)). The government argues that Tapia's liminal motion would be proper at that time, but not now.

Finally, the government asserts that Montero-Rocha's statements may be admissible at trial, even if they would otherwise be inadmissible as hearsay, under the doctrine of forfeiture by wrongdoing. (Doc. No. 52 at 4); *see* Fed. R. Evid. 804(b)(6). The government asserts that a cooperating inmate at the Corrections Center of Northwest Ohio, where Tapia is being held pretrial, "reported to agents that Defendant stated he had sent $10,000 to his father, Gustavo Tapia-Regis . . . . in order to facilitate Montero-Rocha's illegal travel to Mexico . . . with the aim of preventing Montero-Rocha's testimony against Defendant." (*Id.*). The government asserts that Federal Rule of

3

Evidence 804(b)(6), which codifies the doctrine of forfeiture by wrongdoing, is "an alternative means of admissibility that may be addressed at trial." (*Id.* at 5).

Because I agree with the government that Tapia misstates the law about coconspirator statements and that Tapia's motion is otherwise premature, I need not and do not reach its alternative argument about forfeiture by wrongdoing.

1. **Admissibility of Montero-Rocha's Statements**

To begin, I note that Tapia's motion does not clearly indicate what relief he seeks. The motion is styled as a "motion in limine," (*See* Doc. No. 51 at 1), which typically asks for a pretrial ruling on the admissibility of certain items anticipated to be offered as evidence. But Tapia does not identify specific items and ask that they be included or excluded. Instead, he seems to contend that the government will not be able to prove Tapia participated in any conspiracy because Montero-Rocha likely will not be available to testify at trial. This amounts to a request for a ruling that Montero-Rocha's in-court testimony would be necessary, as a matter of law, for the government to prove Tapia's participation in the drug conspiracy alleged in Count 1 of the indictment.[1] Because this is the argument Tapia makes, it is the one I address.

"In order '[t]o sustain a conviction for drug conspiracy under section 846, the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy.'" *United States v. Williams*, 998 F.3d 716, 728 (6th Cir. 2021) (quoting *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007)). A conspiracy requires "(1) An object to be accomplished[;] (2) [a] plan or scheme embodying means to

---

[1] Tapia argues: "[I]f the case outlined herein confronts this Court at trial, this Court would have to rule that Antonio Tapia was excluded since he had not been proven to have been involved in the drug trafficking conspiracy alleged here. The Court is asked to make that liminal ruling now." (Doc. No. 51 at 4). Tapia does not explain what he means by the phrase "this Court would have to rule that Antonio Tapia was excluded," and he does not explain what it would mean for me to grant such request in the context of a motion in limine.

4

accomplish that object[;] and (3) [a]n agreement or understanding between two or more of the defendants whereby they become definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement, or by any effectual means." *Williams*, 998 F.3d at 728 (quoting *United States v. Bostic*, 480 F.2d 965, 968 (6th Cir. 1973)) (internal quotation marks omitted). Just as for other offenses, the government may prove a conspiracy by direct or circumstantial evidence. *See Williams*, 998 F.3d at 728.

Tapia broadly asserts that "the discovery in this case thus far has revealed no other witness who would be able to put Antonio Tapia into the conspiracy." (Doc. No. 52 at 3). If so, his thinking goes, the government's ability to prove its drug conspiracy case against him turns on whether Montero-Rocha is available to testify against him in person. (*See id.*). Tapia offers no support for his characterization of what "discovery in this case . . . has revealed." (*Id.*). But even assuming Montero-Rocha's statements are an important component of the government's evidence against Tapia for the drug conspiracy charge in Count 1, Tapia still has not shown he is entitled to the relief he seeks.

Federal Rule of Evidence 801 excludes from the definition of hearsay an opposing party's statement "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To admit a co-conspirator's statement under Rule 801, "a trial court must find that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009). This is known as an "*Enright* finding" after *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978). *See Warman*, 578 F.3d at 335.

A district court may admit the statements conditionally "subject to later demonstration of their admissibility by a preponderance of the evidence," a final determination a court makes at the close of the evidence in the case. *Id.* (internal citations and quotation marks omitted). And because

5

coconspirator statements are not hearsay at all, they may be admitted through the testimony of a witness other than the declarant. *See, e.g.*, *United States v. Christian*, 786 F.2d 203, 212 (6th Cir. 1986) ("[T]here was no error" in admitting coconspirator statements made in furtherance of the conspiracy introduced through the testimony of a cooperating informant present when the statements were made); *see also United States v. Pike*, 342 F. App'x 190, 194 (6th Cir. 2009) ("statements made in furtherance of a conspiracy are inherently nontestimonial in nature" and may be admitted without violating the Sixth Amendment's Confrontation Clause).

Tapia's argument depends on the premise that Montero-Rocha must testify in-person in order for his prior statements to be admissible. But if the government can properly make the preliminary showing that a conspiracy existed, the defendant was a part of the conspiracy, and Montero-Rocha made his statements in furtherance of the conspiracy, the government need not introduce those statements through the testimony of Montero-Rocha himself. So, I reject the argument that I must exclude any evidence of Montero-Rocha's statements simply because Montero-Rocha may not be available to testify in person.

This is not to say the government would necessarily succeed in carrying its preliminary burden to show why Montero-Rocha's out-of-court statements would be admissible under Rule 801. Tapia may, as the government suggests, renew his objections at trial when confronted with specific evidence offered by the government to prove his guilt. (*See* Doc. No. 52 at 3-4). And if Tapia persuades me the government has not established the requisite foundation for admitting the statements of a coconspirator under Rule 801 at the close of the evidence, he may ask for a mistrial or a limiting instruction. *See United States v. Boling*, 869 F.2d 965, 973-74 (6th Cir. 1989).

At this time, however, his argument about the paucity of the government's admissible evidence is too speculative. In addition, as I have explained above, because a coconspirator's statements are not hearsay under Federal Rule of Evidence 801, Montero-Rocha himself need not

6

take the stand in order for statements he made in furtherance of the conspiracy alleged in Count 1 to be admissible.

### B.  TAPIA'S MOTION FOR HEARING

Tapia filed Doc. No. 54, captioned "Defendant's Motion for Hearing," in response to the government's brief in opposition to Tapia's motion in limine. (*See* Doc. No. 54). This second motion, in its entirety, reads as follows:

> In its Reply Brief, the Government raises as one of its objections to Defendant's motion to dismiss the claim that there was a witness who would testify that the Defendant had in fact facilitated the absence of the missing witness. The circumstances of that event bear careful analysis and accordingly the Court is urged to schedule this matter for a hearing on that issue.

(Doc. No. 54 at 1). The government opposed this motion. (Doc. No. 55).

Tapia provides no legal basis for this request. Moreover, his motion is premised on my consideration of the government's alternative argument, regarding Federal Rule of Evidence 804(b)(6). As I explained above, I do not reach that argument because Tapia's motion in limine is deficient for other reasons. Accordingly, I deny Tapia's request for a hearing regarding the putative cooperating witness as moot.

### IV.  CONCLUSION

For the reasons stated above, I deny Tapia's motion in limine (Doc. No. 51) and motion for hearing (Doc. No. 54).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge